**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RICHARD ALEXANDER MURDAUGH<br><br><br>Defendant. | Crim. No. 9:23-cr-0396-RMG<br><br><br>**DEFENDANT'S MOTION FOR DISCOVERY** |

COMES NOW the Defendant, Richard Alexander Murdaugh, by and through his undersigned attorneys and files this motion for discovery.

The Defendant respectfully seeks an Order that all the discovery requests listed below be produced or made available to Counsel at the earliest possible time, pursuant to Rules 16(d)(1), 12(e), and 57 of the Federal Rules of Criminal Procedure. Counsel specifically requests that such be provided at the earliest possible time, regardless of any timetables contained in the Federal Rules of Criminal Procedure or in the United States Code so that Counsel may be able to adequately prepare for trial, and so that the Court may be able to timely rule on any subsequent pre-trial motions of either party which may be made as a result of reviewing the discovery sought herein.

DISCOVERY REQUESTS

I. RULE 16 FED.R.Crim.P. MATERIAL

(1)     All relevant written or recorded statements made by any Defendant.

(2)     All oral statements made by any Defendant which the Government intends to offer in evidence at trial.

(3)     All recorded testimony of any Defendant before any grand jury that relates to the offenses to be litigated at trial, including all offenses which the Government may seek to prove as the elements of the offense in the indictment.

(4)     The Criminal Record of any defendant, including any misdemeanor record.

(5)     The right to inspect, copy or photograph all books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are material to the preparation of the defense or intended for use by the Government as evidence at trial, or were obtained from, or belonged to the Defendant.

(6)     Any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are material to the preparation of the defense or are intended for use by the Government at trial.

## II.  WITNESSES

(7)     The names, addresses, current telephone numbers of all witnesses whom the Government intends to call at trial for any purpose.

(8)    The names, addresses, current telephone numbers, and criminal records of all persons who were interviewed in connection with this case, but who will not testify as witnesses for the Government at trial and all statements or writings of any kind made from the Government's interview of such persons.

(9)     All statements or writings of any kind in possession of the Government made by any person or obtained from any person by the Government which contain information relevant to the trial of the Defendant.

## III.  CO-DEFENDANT AND CO-CONSPIRATORS STATEMENTS

(10)    All written or recorded statements made by any co-defendant and/or claimed co-conspirator, regardless of whether they are indicted or unindicted.

(11)   The substance of all oral statements that the Government intends to offer in evidence at trial, made by any co-defendant and/or claimed co-conspirator, regardless of whether they are indicted or unindicted.

(12)   The substance of all statements of co-defendants and/or claimed co-conspirators regardless of whether they are indicted or unindicted which the Government intends to offer in evidence at trial under the co-conspirator exception to the hearsay rule.

## IV.  INFORMANTS

(13)   The names, addresses, current telephone numbers and criminal records of any informants, special employees or special investigators used in the investigation of this case, or persons hired, directed, requested and/or paid by the Government to investigate or obtain information in any manner whatsoever in the investigation of this case.

(14)  Rules or regulations of any investigative agency by which any informant or special employee was hired, employed, or requested to participate in the investigation of this case.

(15)  All recorded or written memoranda or conversations discussed with or statements made by informants or special employees of the Government.

(16)  The names and classifications of all investigative agents, United States Attorneys or other Government employees, who met with, talked to, or who were present at any meeting or discussion held with any informants and/or special employees of the Government during the investigation of the offenses for which the Defendant is charged.

(17)  Whether any Government or local agent or anyone is acting at the direction or behest of the Government has talked with or communicated with any defendant pertaining to this case;  if so the name of such agent, informant, or special employee together with all other facts and circumstances pertaining to the conversation.

V.  ELECTRONIC RECORDINGS AND SURVEILLANCE

(18)  All tape recorded conversations or transcripts thereof, or other electronically obtained information made in connection with this case.

(19)  If any conversation involving any Defendant or any Attorney for any Defendant has been electronically recorded, disclose:

(a)  A copy of such tape or recording;

(b)  The authority for making such interceptional recording;

(c)  The date the recording was made;

(d)  The identities of all the speakers therein.

(20)  If conversations of the Defendants or any of their attorneys were subject to surveillance, but were not electronically recorded, provide all handwritten notes or memoranda, stating the date of the conversation, the parties to the conversation and the nature of the conversation.

(21)  All taped or electronically recorded conversations in the possession of the Government that might have been made between any Defendant and any third party, together with the times, places and any authorization for making such recordings.

(22)  All taped or electronic recordings intended to be introduced at the trial of this case.

(23) The make, kind or model and serial number of any electronic recording  device utilized by Federal or local Government agents to record conversations of the Defendant, or anyone else named in the Indictment as a co-conspirator.

(24)  Whether there have been any "beeper" transmitters or any other type of listening or "homing" devices used to overhear or monitor conversations between any defendant and any other parties since their arrest, or used to assist any surveillance, "tailing" or stakeout of any Defendant, or any vehicle prior to their arrest.

(25)  With regard to any kind of surveillance, state whether it was consensual; and if so, if it was a result of any promise or inducement on the part of the Government or any local agency.

(26)  If no electronic recordings exist of the conversations referred to in paragraphs (21) and (24) above, provide all notes and memoranda with regard to said conversations, including the date of said conversations, the nature of them and the names of all parties to them.

(27)  All taped or electronically recorded conversations in the possession of the Government that were made among and between agents of the Drug Enforcement Administration and any branch of any Federal or local governmental law enforcement agency.

(28)  If no electronic recordings were made of the conversations referred to in paragraph (27), provide memoranda and notes of said conversations, including the dates of said conversations, the nature of them and the parties to them.

## VI.  SEARCHES AND SEIZURES

(29)  All searches and seizures made and detailed information regarding the times, dates and places thereof, together with the authority for such search and seizure, copies of any search warrants and affidavits in support thereof, and a listing of the items seized.

(30)  All evidence concerning any searches and/or seizures made by the Government or its agents which would tend to taint or make illegal such searches and/or seizures.

(31)  Whether any U.S., foreign, or private mail or other correspondence sent to or by Defendant or any co-conspirator was intercepted or otherwise inspected.

(32)  If any "mail cover" did exist, as referred to in paragraph (31) above, detail:

(a)  The circumstances under which it was instituted including the names and positions of all persons who authorized it;

(b)  The procedure under which it was instituted, including the names and positions of all persons involved therein;

(c)  The purported jurisdiction for its institution;

(d)  The information it produced;

(e)  The names and positions of all persons to whom such information was

transmitted and the dates of such transmissions;  and

(f)  The use of such information.

## VII.  JENCKS ACT MATERIAL

(33)  All communications, statements, memoranda, notes and/or documents from a Government witness or confidential informant to a Government agent (whether an investigatory agent or United States Attorney) which falls within the ambit of the Jencks Act, including but not limited to communications or statements of any kind made by electronic recording or other types of mechanical or electronic means.

(34)  All communications, statements, memoranda, notes and/or documents from a Government witness or confidential informant to a Government agent which the Government contends does not fall with the ambit of the Jencks Act, including but not limited to communications or statements of any kind made by electronic recording or other type of mechanical or electronic means.

## VIII.  BRADY & GIGLIO MATERIAL

(35)  All evidence favorable to the defendant on the issues of guilt, innocence or punishment, without regard to materiality.

(36)  All writings, recordings and photographs relating to offers, threats or inducements made to any persons in an effort, whether successful or not, to obtain testimony in this case.

(37)  The names, address and current telephone number of any person who has given information exculpatory to the Defendant and any writings, recordings and photographs relating thereto.

(38)  All statements made by co-conspirators which are exculpatory to the Defendant, whether made in furtherance of the conspiracy, or after its termination.

(39)  All writings, recordings and photographs relating to offered "bargains", whether consummated or not, with alleged co-conspirators in this case.

(40)   The criminal records of all witnesses whom the Government intends to call at trial or at any hearing in connection with this case.

(41)  All correspondence from representatives of the Government on behalf of any witnesses in this case seeking special considerations or favors for said witnesses.  Such request specifically includes, but is not limited to letters to the United States Parole Commission and the Bureau of Prisons.

(42)   Production by the Government of all funds paid to, or allowed to be retained by, confidential informants or witnesses in this case.

(43) The existence and substance, and the manner of execution of fulfillment of any promises, agreements, understandings or arrangements, either oral or written between the Government and any prosecution witnesses, or their attorneys or representatives, wherein the Government has agreed:

    (a) Not to prosecute the witness or some individual with a close association to the witness for any crime or crimes;

    (b) To provide a formal grant of statutory immunity or use immunity in connection with any testimony given by him;

    (c) To recommend leniency in sentencing for any crime or crimes for which he may be charged or convicted;

    (d) To make any other recommendation of benefit or to give any other consideration to him.

(44) Whether any person interviewed in connection with the Government's investigation of this case has been given a psychological or psychiatric examination; and is so, list such person, the date of the examination, the examiner, and provide the results of such examination.

## IX.  EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS

(45) All evidence of other crimes, wrongs, or acts within the ambit of Fed.R.Evid. 404(b) of the Federal Rules of Evidence that the Government intends to introduce at trial against the Defendant.

## X.  GRAND JURY MATERIALS

(46) The names of all witnesses appearing before the Grand Jury in connection with the return of the indictment in this case.

(47) All documents and exhibits presented to the Grand Jury.

(48) Grand Jury transcripts of the testimony of all witnesses appearing before the Grand Jury.

(49) All evidence obtained and presented to the Grand Jury which was directly or indirectly derived from wiretaps or surveillance activity, including, but not limited to, tape recordings, "night scopes", radar-tracking, EPIC or other computer data, satellite photos, beepers, transmitters, photographs, motion picture film, videotapes, sketchings, or other such surveillance.

Respectfully submitted,

s/Richard A. Harpootlian
Richard A. Harpootlian, Federal ID No. 1730
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street (29201)
Post Office Box 1090
Columbia, South Carolina 29202
(T) (803) 252-4848
(F) (803) 252-4810
rah@harpootlianlaw.com


James M. Griffin, Federal ID. No. 1053
GRIFFIN HUMPRHIES, LLC
4408 Forest Dr., Suite 300 (29206)
Post Office Box 999 (29202)
Columbia, South Carolina
(T) 803.744.0800
(F) 803.744.0805
jgriffin@griffinhumphries.com

Attorneys for Richard Alexander Murdaugh

July 18, 2023
Columbia, South Carolina.