# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| United States of America, | Criminal No.: 9:23-cr-00396-RMG |
| v. | **DEFENDANT'S MOTION FOR IMMEDIATE SEIZURE OF DEFENDANT'S ASSETS** |
| Richard Alexander Murdaugh, | |
| Defendant. | |

Defendant Richard Alexander Murdaugh, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, moves the Court for an order directing the U.S. Marshals Service or other appropriate federal officers to immediately seize all assets held by Peter M. McCoy and John T. Lay in their capacities as Co-Receivers for Mr. Murdaugh's assets (the "Murdaugh Funds"), per order of appointment issued on motion of the plaintiff in *Beach v. Parker, et al.*, Case No. 2019-CP-25-00111 (S.C. Ct. Com. Pl. (Hampton Cnty.), Nov. 4, 2021),[1] and to place the Murdaugh Funds in the exclusive custody and control of the United States of America. He further moves the Court to order the Co-Receivers to provide an accounting to the Court and the Parties of all assets in the Receivership and all disbursements, payments, or other transfers from the Receivership occurring after the indictments in this matter were unsealed.

To the extent any funds in the Receivership are traceable to financial crimes committed by Mr. Murdaugh, title transferred to the United States when the crimes were committed. 21 U.S.C. § 853(c) ("All right, title, and interest in property [subject to criminal forfeiture] vests in the United States upon the commission of the act giving rise to forfeiture under this section."). The Court determined that a minimum of $7,641,707.09—an amount far exceeding the Murdaugh Funds—

---

[1] The plaintiff in *Satterfield v. Murdaugh, et al.*, Case No. 2019-CP-25-00298 (S.C. Ct. Com. Pl. (Hampton Cnty.)) also moved for appointment of the Co-Receivers.

is subject to forfeiture and entered a preliminary order for its seizure. ECF No. 42. Thus, while all other funds in the Receivership belonged to Mr. Murdaugh at least until the Court entered the preliminary order of seizure, title to those funds has transferred, or very shortly and inevitably will transfer, to the United States except to the extent third parties are able to show a superior interest in ancillary proceedings. *See* Order, ECF No. 42; 21 U.S.C. §§ 853(n), (p); Fed. R. Crim. P. 32.2(c); *Beach*, Hearing Tr. 12:5–6, May 3, 2023 (the receivership court noting the money in the receivership "legally and technically right now is still his," referring to Mr. Murdaugh) (attached as **Exhibit A**).

The Murdaugh Funds therefore will be seized by the United States. Mr. Murdaugh brings the present motion for *immediate* seizure because the Murdaugh Funds are at risk of substantial dissipation and waste without the Court's immediate action. The Murdaugh Funds originally constituted $2,163,396.08. Co-Receivers' Fourth Status Report, *Beach*, Aug. 4, 2023. Of that, the Co-Receivers have disbursed $408,153.58 to themselves from the Murdaugh Funds. *Id.* They have requested another $253,294.17. *Id.* They have also requested, and the receivership court has ordered, the appointment of another expensive private attorney to serve as Special Referee for the distribution of the funds to third parties. Order Entering Scheduling Order and Appointing Special Referee to Administer the Claims Process, *Beach*, Sept. 19, 2023. The Special Referee likely will cost several hundred thousand dollars more. *See id.* at 3 ("The Special Referee shall be compensated from Receivership Funds according to his standard hourly rates commonly and reasonably applied."). The receivership court has ordered all third parties asserting claims against the Murdaugh Funds to submit "proofs of claim" by October 29, 2023. The United States, however, will perform the same function in ancillary proceedings for free. *See* 21 U.S.C. § 853(n); Fed. R. Crim. P. 32.2(c).

Additionally, an accounting is necessary. First, an accounting is needed to ensure all assets have been seized. Second, the publication of the indictments and their forfeiture allegations put the Co-Receivers on notice of the United States' interest in the Murdaugh Funds. Payments or transfers after then might be subject to a claw back. But there presumably were legitimate payments during the relevant period, so whether any such transfers would be subject to a claw back would depend upon the nature and purpose of the transaction as explained by an accounting.

The United States will maintain and distribute the Murdaugh Funds in strict compliance with the law, respecting all legitimate third-party interests and providing restitution to victims to the extent possible, without need of the services of private attorneys whose fees would further dissipate the Murdaugh Funds. It is inappropriate for the asset forfeiture imposed as part of the conviction and sentence for numerous federal felonies to be managed by private attorneys appointed on the motion of private civil litigants in state court proceedings to protect their future contingent interests in civil litigation. This Court convicted Mr. Murdaugh. No other court has convicted Mr. Murdaugh of any financial crime. This Court entered an order for the seizure order of his assets. No other court has instituted any criminal seizure or forfeiture proceedings regarding his assets. It is this Court, therefore, that must control the seizure and forfeiture of Mr. Murdaugh's assets.

The Court, therefore, should order the immediate seizure of Mr. Murdaugh's assets and an accounting of his assets from the Co-Receivers.

                                                              Respectfully submitted,

                                                              <u>s/Phillip D. Barber</u>
                                                              Richard A. Harpootlian, Fed. ID No. 1730
                                                              Phillip D. Barber, Fed. ID No. 12816
                                                              RICHARD A. HARPOOTLIAN, P.A.
                                                              1410 Laurel Street (29201)
                                                              Post Office Box 1090

Columbia, SC 29201  
(803) 252-4848  
(803) 252-4810 (facsimile)  
rah@harpootlianlaw.com  
pdb@harpootlianlaw.com  

James M. Griffin, Fed. ID No. 1053  
Margaret N. Fox, Fed. ID No. 10576  
GRIFFIN HUMPHRIES, LLC  
4408 Forest Dr., Suite 300 (29206)  
P.O. Box 999 (29202)  
Columbia, South Carolina  
(803) 744-0800  
jgriffin@griffinhumphries.com  
mfox@griffinhumphries.com  

ATTORNEYS FOR PLAINTIFF

September 25, 2023  
Columbia, South Carolina.