**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| v. | ) | Criminal No. 9:23-396-RMG |
| | ) | |
| Richard Alexander Murdaugh, | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |
| | ) | |
| _____ | ) | |

This matter comes before the Court on Defendant's motion that the Court order the immediate seizure of forfeited assets previously in the possession of Defendant and presently in the custody of receivers appointed by a state court. (Dkt. No. 43). The Government filed a response in opposition, followed by a reply by Defendant and a sur-reply by the Government. (Dkt. Nos. 46, 48, 52).

By way of background, Defendant, a formerly licensed attorney, pled guilty before this Court on September 21, 2023, pursuant to a plea agreement, to twenty-two felony counts. These counts included Conspiracy to Commit Wire and Bank Fraud, Bank Fraud, Wire Fraud, and Money Laundering. (Dkt. No. 1, 37, 40). The conduct leading to Defendant's criminal plea involved a sophisticated, decade long looting of client funds obtained in settlements in wrongful death and severe personal injury cases, orchestrated to feed the Defendant's lavish lifestyle and drug addiction. As part of Defendant's federal court guilty plea, Defendant stipulated in his plea agreement that a "minimum" of $9,000,000 was subject to forfeiture arising from his criminal acts. (Dkt. No. 37).

1

Following Defendant's guilty plea, the Court entered a Preliminary Order of Forfeiture finding that $9,000,000 is "hereby forfeited" to the United States and providing that the United States was authorized to seize such forfeited assets. (Dkt. No. 42). The Court's Preliminary Order of Forfeiture was issued under the authority of Federal Rule of Criminal Procedure 32.2, which states that the preliminary order of forfeiture "authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture."

The record before the Court establishes that on November 4, 2021, a South Carolina state court appointed two receivers to assume custody of assets under Defendant's control. (Dkt. No. 46-3). Since that time, the receivers have been tasked to sort out the chaotic state of Defendant's financial affairs, which has taken extensive time to "locate, secure and marshal an estimated $2,438,981.29 in liquidated and unliquidated assets." (Dkt. No. 46 at 3). This has undoubtedly been a time consuming and complex undertaking and has required an extensive dedication of time by the receivers. Defendant suggests, without specific evidence, that the receivers have engaged in some type of misconduct or are wasting the assets under their control.[1] Notably, Defendant has not moved before the state court supervising the receivers for relief, but instead seeks to have this Court unilaterally assume control over the assets in the custody of the state receivers.

The Court finds that there are three separate and independent bases to deny Defendant the relief he seeks. First, Defendant has no standing to assert any claim over funds he stole from his clients and which have subsequently been subject to seizure orders in state and federal court. For a party to have standing to assert a claim in federal court, he must have a "concrete and particularized injury" that is "actual or imminent." *Summers v. Earth Island Institute*, 555 U.S.

---

[1] There is certainly rich irony in the Defendant, who engaged in the methodical theft of millions of dollars in client funds and then expended the great majority of those funds for his personal use, to accuse two honorable members of the Bar serving as state receivers of wasting assets.

2

488, 493 (2009). These standing requirements are necessary to avoid a situation where a court would issue a decision where "no injury would have occurred at all" and to filter out "the truly afflicted from the abstractly distressed." *Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 204 F.3d 149, 154 (4th Cir. 2000); *Florida Audubon Soc. v. Bentsen*, 94 F.3d 658, 663 (D.C. Cir. 1996). The Defendant has no cognizable interest in the $2.4 million dollars seized from him following his theft and dissipation of at least $9,000,000 in client funds.

Second, the Court's forfeiture order and Federal Rule of Criminal Procedure 32.2(c) authorizes the Attorney General to seize certain property but does not require it. This is left to the sound discretion of the Attorney General. A criminal defendant has no authority to demand that the Attorney General or any other officer of the United States Government do his bidding regarding the seizure of his stolen funds. The Court's order and the Federal Rules of Criminal Procedure wisely leave this matter to the discretion of the Attorney General or his designee.

Third, the federal government lacks the authority to take control of funds previously seized under the authority of a state court. Where a state and federal court have a common interest in particular property and an action to seize that property is an *in rem* action, the United States Supreme Court has ruled that "the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other." *Penn General Casualty Co. v. Commonwealth of Pennsylvania*, 294 U.S. 189, 195 (1935). This rule that the court which first seizes the *rem* controls it is designed "to avoid unseemly and disastrous conflicts in the administration of our dual judicial system." *Id*. Since there is no dispute that the state court's seizure order predated this Court's Preliminary Order of Forfeiture, this Court has no authority to exercise its dominion over the stolen assets.

For the three separate and independent reasons set forth above, Defendant's motion demanding the immediate federal court seizure of the funds in the possession of the state receivers (Dkt. No. 43) is **DENIED**.

**AND IT IS SO ORDERED**.

 s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

October 17, 2023
Charleston, South Carolina