IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | CRIMINAL NO. 9:23-396-RMG |
| ) | |
| **vs.** ) | |
| ) | |
| ) | |
| ) | |
| **RICHARD ALEXANDER MURDAUGH** ) | |
| ) | |

### Government's Motion to Hold Defendant in Breach of Plea Agreement

When he pleaded guilty, the Defendant, Richard Alexander Murdaugh, agreed to be fully truthful and forthright with the Government by providing full, complete, and truthful information about *all* criminal activities about which he has knowledge and to submit to a polygraph examination at the Government's election. Dkt. 37 ¶¶ 4-5. In exchange, the Government agreed to recommend Murdaugh's federal sentence be served concurrently with any state sentence imposed for the same conduct. *Id.* ¶ 7. Murdaugh has failed to cooperate as required under the plea agreement and has failed a polygraph examination administered at the Government's request. *See* Exhibit 1 (sealed). Murdaugh has thereby deprived the Government of the benefit of its bargain. The Government requests that the Court find Murdaugh breached the plea agreement and relieve the Government of its obligations.[1]

### I.  Background

In May 2023, a federal grand jury returned a 22-count Indictment charging Murdaugh with various financial crimes, including two counts of Conspiracy to Commit Wire Fraud and Bank Fraud (Counts 1 and 8); Bank Fraud (Count 2); Wire Fraud (Counts 3-7); and Money Laundering

---

[1]  On March 18, 2024, in an effort to comply with Local Rule 12.02, government counsel notified Murdaugh's counsel that we intended to file this motion.

1

(Counts 9-22). On September 21, 2023, Murdaugh pleaded guilty to all 22 counts of the Indictment pursuant to a plea agreement.[2] *Id.* Under the terms of the plea agreement, Murdaugh agreed to plead guilty to all charges, to fully cooperate, to waive his rights to contest his conviction and sentence in an appeal or post-conviction action,[3] and to not contest a forfeiture money judgment of a minimum of $9,000,000. *Id.* at ¶ 8. In exchange for Murdaugh's concessions, provided Murdaugh cooperated and complied with all of the conditions of the plea agreement, the Government agreed to recommend that the Court impose a sentence to be served concurrent to any state sentence imposed for the same conduct. *Id.* at ¶ 7.

Murdaugh's obligations to cooperate fully were detailed in standard cooperation language requiring him "to be fully truthful and forthright with federal, state, and local law enforcement agencies by providing full, complete and truthful information about all criminal activities about which he/she has knowledge." *Id.* at ¶ 4. Murdaugh agreed to submit to polygraph examinations at the Government's request by an examiner selected by the Government. *Id.* at ¶ 5. The plea agreement provided that Murdaugh's failure to be "fully truthful and forthright at any stage will, at the sole election of the Government, cause the obligations of the Government within this Agreement to become null and void." *Id.* at ¶ 4. Similarly, the agreement stated that Murdaugh's refusal to take or failure to pass such polygraph examinations to the Government's satisfaction will result, at the Government's sole discretion, in the Government's obligations becoming null

---

[2] Prior to the plea agreement, the parties signed a proffer agreement, under which Murdaugh agreed to be fully truthful and submit to polygraph examinations. In exchange, the Government agreed not to use his own statements against him. The plea agreement contains a merger provision, however, under which the parties agreed that the plea agreement contains the entire agreement of the parties. Dkt. 37 ¶ 12.

[3] The waiver included the standard limitations for claims of ineffective assistance of counsel, prosecutorial misconduct, and future changes in the law that may affect his sentence. Dkt. 37 ¶ 10.

and void. *Id.* at ¶ 5. And, if the Government's obligations under the plea agreement became null and void due to Murdaugh's lack of truthfulness, the Government notified Murdaugh that it will argue for a maximum sentence for the offenses to which he has pleaded guilty, in addition to other available remedies, and Murdaugh will not have the right to withdraw his guilty plea. *Id.* at ¶¶ 3, 4.

Pursuant to the terms of the plea agreement, Murdaugh was interviewed by the United States Attorney's Office and the Federal Bureau of Investigation on four separate occasions—May 4, June 7, August 18, and October 18, 2023. *See* Exhibits 2, 3, 4, and 5 (sealed).[4] Against the backdrop of Murdaugh's admitted commission of financial crimes in South Carolina spanning decades, and the convictions of coconspirators who facilitated and benefitted from Murdaugh's crimes, the Government has a duty to pursue all available avenues to investigate and prosecute others who may be responsible for violations of federal laws. And with more than $6 million in proceeds remaining unaccounted for, the Government is similarly compelled to make every effort to identify the location of any ill-gotten gains to make Murdaugh's victims whole.

Although Murdaugh accepted responsibility for the charged criminal conduct and admitted the involvement of his coconspirators Russell Laffitte and Corey Fleming, the Government believed Murdaugh had not been fully truthful as required under the plea agreement, despite numerous interview sessions during which the Government gave Murdaugh every opportunity to be fully truthful and forthright. *See* Exhibits 2, 3, 4, and 5 (sealed). The Government decided to polygraph Murdaugh on issues related to hidden assets and the involvement of another attorney in Murdaugh's criminal conduct. On October 18, 2023, an FBI polygraph examiner administered a

---

[4] A South Carolina Law Enforcement Division Task Force Officer embedded with the FBI was also present during the interviews on August 18 and October 18.

3

polygraph examination of Murdaugh in two separate "series" on two topics of interest. *See* Exhibit 1 (sealed). The examiner determined that there was deception indicated on both series, meaning Murdaugh failed the examination. *Id.* Following the examination, the examination charts and data were forwarded to quality control personnel, who made the ultimate determination, confirming that there was deception indicated on both series. *Id.*

The Government now requests that this Court find Murdaugh breached his obligations under the plea agreement, thereby relieving the Government of all of its obligations, including its obligation to recommend a concurrent sentence. *See United States v. Simmons*, 537 F.2d 1260, 1261 (4th Cir. 1976) (holding that Government cannot unilaterally determine that a defendant has breached plea agreement); *United States v. Wilson*, 841 F. App'x 571, 575 (4th Cir. 2021) (unpublished) ("[T]he government may be relieved of its obligations under a plea agreement only after a hearing and a district court finding that the defendant has breached.").

## II.     Legal Authority and Argument

"Plea agreements are grounded in contract law, and as with any contract, each party is entitled to receive the benefit of his bargain." *United States v. Edgell*, 914 F.3d 281, 287 (4th Cir. 2019) (internal quotation marks omitted). The party alleging a breach of the plea agreement must establish that breach by a preponderance of the evidence. *United States v. Snow*, 234 F.3d 187, 189 (4th Cir. 2000). When the breach is material, the injured party may suspend performance and cancel the agreement. *United States v. Scruggs*, 356 F.3d 539, 543 (4th Cir. 2004). "Central to [the] determination of the materiality of a breach is the extent to which the injured party will be deprived of the benefit which he reasonably expected." *United States v. Warner*, 820 F.3d 678, 684 (4th Cir. 2016) (internal quotation marks omitted). "[T]he standard for assessing the

4

reasonable expectations of the parties is an objective one." *Scruggs*, 356 F.3d at 544 (internal quotation marks omitted).

Interpreting the District of South Carolina's cooperation language, the Fourth Circuit has held that a defendant breaches a plea agreement by failing a polygraph, relieving the Government of its respective obligations under the plea agreement. *See United States v. Patterson*, 261 F. App'x 505, 508-09 (4th Cir. 2008) (unpublished) ("Based on the clear language of the agreement, [the appellant] has failed to satisfy his burden of proving the district court committed clear error in its finding that his failure to pass a polygraph constituted a failure to abide by all the terms of his plea agreement."); *United States v. Suggs*, 254 F. App'x 184, 185 (4th Cir. 2007) (unpublished) (finding that because the appellant failed a polygraph test, he failed to fully cooperate and "to be fully truthful and forthright" as required under the terms of the plea agreement, relieving the Government of its obligations under the plea agreement). This Court has reached the same holding after analyzing plea agreement language identical to the language in Murdaugh's plea agreement. *See United States v. McCabe*, No. 2:12-CR-00547-RMG-2, 2013 WL 12108226, at *1 (D.S.C. Sept. 23, 2013) ("Based on the clear language of the agreement, the Court finds that Defendant's failure to pass the polygraph examination constitutes a breach of the Plea Agreement such that the Government [is relieved of its obligations under the agreement].").

Murdaugh agreed to be fully truthful about all criminal activities about which he has knowledge and to submit to a polygraph examination performed by a polygraph examiner selected by the Government. Dkt. 37. Murdaugh agreed that his failure to pass any such polygraph to the Government's satisfaction will result, at the Government's sole discretion, in the Government's obligations becoming null and void. *Id.* The FBI examiner determined that all of Murdaugh's responses during the polygraph examination indicated deception. Exhibit 1 (sealed). The

5

Government therefore requests that the Court hold Murdaugh in breach of his plea agreement and find the Government's obligations null and void, relieving the Government of its obligation to recommend a concurrent sentence.[5]

          Respectfully submitted,

          ADAIR F. BOROUGHS
          UNITED STATES ATTORNEY

          By: s/ *Emily Evans Limehouse*
          Emily Evans Limehouse (Federal ID #12300)
          Kathleen Michelle Stoughton (Federal ID #12161)
          Winston D. Holliday, Jr. (Federal ID #7597)
          Assistant United States Attorneys
          151 Meeting Street, Suite 200
          Charleston, South Carolina, 29402
          (843) 266-1663
          Emily.Limehouse@usdoj.gov

March 26, 2024

---

[5] A defendant who breaches a plea agreement cannot withdraw his guilty plea. *United States v. Miller*, 529 F. App'x 331, 334 (4th Cir. 2013) (unpublished). Voiding the plea following a defendant's breach of a plea agreement would "unjustly reward[]" the defendant and "disrupt[] the sentencing process." *Id.*