IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| v. | ) | Criminal No. 9:23-396-RMG |
| | ) | |
| Richard Alexander Murdaugh, | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |
| | ) | |
| _____ | ) | |

This matter comes before the Court on the Government's motion to seal certain documents submitted to the Court in support of the Government's Motion to Hold Defendant in Breach of Plea Agreement. (Dkt. No. 66). The Government asserts that said documents, a polygraph examination report and summaries of interviews with the Defendant, "relate to an ongoing grand jury investigation, as well as allegations of criminal activity against others." (*Id.* at 2). The Government further asserts that the sealing of the documents is necessary to protect the "integrity of the investigation, prevent disclosure of an ongoing grand jury investigation, prevent the potential for tampering with evidence and witnesses related to the investigation, and protect the identities of witnesses, subjects, and targets of the ongoing investigation." (*Id.*). Defendant opposes the motion, arguing that the Government's filing was not in compliance with Local Criminal Rule 49.01 and that redaction of the documents should be sufficient to protect the interests of the Government. (Dkt. No. 68).

**Factual Background**

Defendant, formerly a licensed attorney, was indicted by a federal grand jury on May 23, 2023 on twenty-two counts, including wire fraud, bank fraud, and money laundering relating to

1

criminal misconduct associated with his law practice. (Dkt. No. 1). Defendant pled guilty to all counts pursuant to a plea agreement on September 21, 2023. (Dkt. Nos. 37, 40). On March 26, 2024, the Government moved to be relieved of its obligations under the plea agreement because Defendant was allegedly in breach of the plea agreement by failing to pass a polygraph examination. (Dkt. No. 65). In conjunction with its motion to be relieved of its obligation under the plea agreement, the Government filed four summaries of interviews with Defendant that were conducted as part of his duty to cooperate and to provide truthful information to the Government under his plea agreement. The Government also filed a report of a polygraph examination of Defendant which was conducted after the Government suspected that Defendant was not being fully truthful regarding hidden assets and the involvement of another attorney in the Defendant's criminal conduct. (*Id*. at 3). The Government moved to seal the polygraph report and the four witness interviews, asserting that public disclosure at this time could undermine an ongoing criminal investigation being conducted under the auspices of a federal grand jury. (*Id.* at 2). The Government's motion to seal and the motion to be relieved of its obligations under the plea agreement were filed on the public docket, providing the Defendant and the public notice of the motion to seal and the nature of the documents sought to be sealed.

**Legal Standard**

It is well settled that "courts in this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978). This common law right of access to judicial records, however, is not absolute and certain judicial records may be sealed if "essential to preserve higher values" and such sealing is "narrowly tailored to serve that interest." *Baltimore Sun, Co. v. Goetz*, 886 F.2d 60, 65-66 (4th Cir. 1989). In *Media General Operations, Inc. v. Buchanan*, 417 F.3d 424,

430-31 (4th Cir. 2005), the Fourth Circuit addressed a challenge to the sealing of an affidavit submitted in support of a search warrant. The Government argued that the sealing of the affidavit was necessary because of "the preliminary stage of the investigation; the potential impact on the parties searched if unproven criminal allegations were made public; the impact of the affidavit's release on broader investigations in other districts; and the privacy interests . . . relating to persons being searched." (*Id*. at 430). The Court upheld the sealing order of the district court, finding that "the documents presented to the court demonstrate that the government's interest in continuing its ongoing criminal investigation outweighs the petitioner's interest in having the document open to the press and the public." (*Id*. at 431).

Before a district court can seal a judicial record, the Court must provide public notice of the request to seal, which is satisfied by the filing of a motion to seal on the public docket. *Ashcraft v. Conoco, Inc*., 218 F.3d 288, 302 (4th Cir. 2000). The Court must consider a less drastic alternative to sealing the documents, such as redaction, if that can reasonably be achieved. Further, if the Court elects to seal a document, it must provide specific reasons and factual findings to support the decision to seal and for rejecting the alternatives. (*Id*.).

**Discussion**

1. <u>The Government's motion to seal meets the requirements of Local Criminal Rule 49.01</u>.

Defendant argues that the Government's motion to seal does not comply with Local Criminal Rule 49.01 because the Government allegedly fails to provide sufficient detail regarding why redaction would not be sufficient. (Dkt. No. 68 at 2-3). The Government states that redaction of the documents in question would not sufficiently protect its interest in protecting the integrity of the ongoing criminal investigation. (Dkt. No. 66 at 2).

After reviewing the four summaries of interviews with Defendant and the report of the polygraph examination, it is obvious to the Court why the Government wishes to seal these documents. A detailed explanation sought by Defendant to justify the sealing would result in the very situation the Government seeks to avoid—publicizing details of the ongoing criminal investigation that may undermine the integrity of the investigation and tip off potential targets that could lead to tampering with evidence or witnesses.

The Court finds that, based upon the record before the Court, it is plainly obvious why the Government feels a need to keep the content of these documents confidential and why it believes nothing short of sealing the documents would be sufficient. In short, the Court finds the submission by the Government complies the District's Local Criminal Rule.

2.  <u>Public notice of the motion to seal has been provided</u>.

The Government filed its motion to hold Defendant in breach of his plea agreement and the companion motion to seal on the public record. (Dkt. Nos. 65, 66). As such, proper public notice has been provided.

3.  <u>The Government has provided persuasive evidence that much of the substance of the four interview summaries and the polygraph report contain information that, if publicly released, could adversely impact the ongoing criminal investigation</u>.

After carefully reviewing the reports of the four interviews with Defendant and the discussions preliminary to the conducting of the polygraph examination, the Court finds that details of the ongoing criminal investigation, including areas of inquiry and potential targets, would be revealed by the public filing of these records. The Court is hesitant to provide a detailed explanation of its finding because to do so would disclose the very material sought to be kept confidential at this time. It is well settled that public access to such confidential ongoing criminal investigation may be reasonably limited by carefully weighing the public's right to access to these

judicial documents against the strong public interest in the proper performance of an ongoing criminal investigation. Clearly, the balance tips decidedly in favor of keeping nearly all of the substance of the interviews and polygraph report confidential at this time.

4. <u>The Court finds that the Government, with perhaps very significant redactions, could protect the integrity of its ongoing criminal investigation while filing a redacted version of the documents sought to be sealed</u>.

As the Government has noted, its motion to hold Defendant in breach of his plea agreement and companion motion to seal have provided a reasonable amount of information regarding the content of the documents in question relevant to the motions pending before the Court. This includes that (1) Defendant has submitted to multiple debriefings since his guilty plea; (2) the Government believes Defendant has not been "fully truthful" in his responses regarding "hidden assets and the involvement of another attorney in Murdaugh's criminal conduct"; (3) Defendant submitted to a polygraph examination regarding hidden assets and the involvement of another attorney in his criminal activities; and (4) Defendant's responses indicated deception, "meaning Murdaugh failed the examination." (Dkt. No. 65 at 3-4).

The Court believes that the Government could file the four interview summaries and the expert report with redactions that incorporated the above information without further disclosing other lines of questioning, identities of persons being inquired about, or other potential criminal conduct. The Court appreciates that this may require significant redactions, but the Fourth Circuit clearly favors the filing of redacted reports rather than sealing documents, if that is reasonably possible. *Ashcraft*, 218 F.3d at 302.

By 5:00 p.m. on March 29, 2024, the Court directs the Government to file, under seal, a redacted version of the five documents in question that protects the integrity and confidentiality of its ongoing investigation, if that is reasonably possible.

     5.     <u>The Court can address the Government's motion to hold defendant in breach of the Plea Agreement without discussing the substance of his debriefings regarding other potential criminal conduct or the identity of persons discussed</u>.

Defendant contends the Court would need to close his sentencing hearing if the documents are sealed because it is essential for him to discuss the content of those documents since the Government allegedly relies on these documents to support its motion to hold him in breach of his plea agreement. (Dkt. No. 68 at 4-5). This completely overstates the marginal relevance of the substance of the documents the Government asks to be sealed.

The Government's motion to hold Defendant in breach of his plea agreement is based on his failure to pass his polygraph examination. (Dkt. No. 65 at 3-5). The parties' plea agreement provides that the Defendant agreed to submit to a polygraph examination and his "failure to pass any such polygraph examination to the Government's satisfaction will result, at the Government's sole discretion, in the obligations of the Government within the Agreement becoming null and void." (Dkt. No. 37 at ¶ 5). The questions for the Court to address regarding the Government's motion to hold him in breach of the plea agreement are, thus, limited to:

(1) Did the Government request Defendant to submit to a polygraph?

(2) Was a polygraph examination conducted?

(3) Did Defendant fail to pass the polygraph to the Government's satisfaction?

(4) If not, has the Government exercised its right to declare its obligations under the plea agreement null and void?

Beyond establishing those facts, it will not be necessary for Defendant to discuss the substance of his interviews with law enforcement officials or anything regarding his polygraph report beyond the issues set forth above. Defendant and his counsel are specifically directed not

6

to discuss any other aspect of the documents in question in addressing the motion to hold Defendant in breach of his plea agreement.

**AND IT IS SO ORDERED**

March 28, 2024
Charleston, South Carolina

                                                s/Richard M. Gergel
                                                Richard M. Gergel
                                                United States District Judge